JEFFERY S. WILLIAMS (Utah State Bar # 6054)
JEFFRIE L. HOLLINGWORTH (Utah State Bar #6100)
**NELSON CHRISTENSEN**
**HOLLINGWORTH & WILLIAMS**
68 South Main Street, Suite 600
Salt Lake City, UT 84101
Telephone: (801) 531-8400
Facsimile: (801) 363-3614
jeffw@nchwlaw.com
www.nchwlaw.com

*Attorneys for Defendant and Counterclaim Plaintiff Merrick Bank Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| JETPAY MERCHANT SERVICES, LLC, a Texas limited liability company, JETPAY, LLC, a Texas limited liability company, JETPAY ISO SERVICES, LLC, a Texas limited liability company, and WLES, L.P., a Texas limited partnership, <br><br>            Plaintiffs, <br> v. <br><br> MERRICK BANK CORPORATION, a Utah corporation, <br><br>            Defendant. | **ANSWER AND COUNTERCLAIM** <br><br> Case No. 2:12-cv-197-RJS <br><br> Judge Robert J. Shelby |

Merrick Bank Corporation ("Merrick"), by and through its counsel of record, hereby

answers, denies, and counterclaims in response to the numbered allegations of the Second

Amended Complaint filed by the plaintiffs JetPay Merchant Services, LLC ("JPMS"); JetPay,

LLC ("JetPay"); JetPay ISO Services, LLC ("JetPay ISO"); and WLES, LP ("WLES") (unless other indicted, collectively "JetPay").

## PARTIES

1. Merrick denies the allegations of paragraph 1 of the Second Amended Complaint based on the present lack of information or knowledge.

2. Merrick denies the allegations of paragraph 2 of the Second Amended Complaint based on the present lack of information or knowledge.

3. Merrick admits the allegations of paragraph 3 of the Second Amended Complaint.

## JURISDICTION AND VENUE

4. The allegations of paragraph 4 of the Second Amended Complaint set forth legal conclusions as opposed to factual allegations.   As such, no response is required from Merrick. To the extent and only insofar as a further response is required from Merrick to the allegations of paragraph 4 of the Second Amended Complaint, Merrick admits the same.

5. The allegations of paragraph 5 of the Second Amended Complaint set forth legal conclusions as opposed to factual allegations.   As such, no response is required from Merrick. To the extent and only insofar as a further response is required from Merrick to the allegations of paragraph 5 of the Second Amended Complaint, Merrick admits the same.

6. The allegations of paragraph 6 of the Second Amended Complaint set forth legal conclusions as opposed to factual allegations.  As such, no response is required from Merrick. To the extent and only insofar as a further response is required from Merrick to the allegations of paragraph 6 of the Second Amended Complaint, Merrick admits the same.

7.     With respect to the allegations of paragraph 7 of the Second Amended Complaint, Merrick admits that certain banks have issued credit cards and processed credit card transactions. Merrick denies the remaining allegations, if any, of paragraph 7 of the Second Amended Complaint.

8.     With respect to the allegations of paragraph 8 of the Second Amended Complaint, Merrick admits that Independent Sales Organizations ("ISOs") market and establish credit card processing services to various merchants, or other businesses that seek to accept credit cards in relationship to their customer transactions, and that Third Party Processors ("TPPs") have provided data so that such transactions can be processed, administered and settled.  Merrick further admits that the industry of marketing, processing and administering credit card transactions has evolved and changed over time.   Merrick denies the remaining allegations, if any, of paragraph 8 of the Second Amended Complaint.

9.     Merrick admits to the involvement of ISOs and TPPs in the marketing, processing, payment and settlement of credit card transactions; however, Merrick denies generalized and sweeping allegations concerning the credit card industry based on the present lack of information or knowledge regarding the same at any given time, and based on changing market and financial conditions.

10.     With respect to the allegations of paragraph 10 of the Second Amended Complaint, Merrick admits that the entity JPMS purports to be an ISO and to provide various services regarding the establishment of merchant credit card processing services.  Merrick denies the remaining allegations of paragraph 10 of the Second Amended Complaint.

11.     With respect to the allegations of paragraph 11 of the Second Amended Complaint, Merrick admits that an acquiring bank, in general terms only, settles through funding a merchant's credit card transactions.  In this regard, Merrick avers that credit card processing services are established under a three-party contract involving a merchant, an ISO, and an acquiring bank.   Merrick denies the remaining allegations of paragraph 11 of the Second Amended Complaint.

12.     With respect to the allegations of paragraph 12 of the Second Amended Complaint, Merrick admits to the existence of a contract that was referred to between the parties as an ISO Agreement.   The terms and obligations of that contract are best evidenced by a true and correct copy of the same.   Merrick denies any and all allegations that contradict the written terms of the ISO Agreement.

13.     With respect to the allegations of paragraph 13 of the Second Amended Complaint, Merrick admits that it served as an acquiring bank.  Merrick denies that merchant clients were solely the clients of JPMS.  Merrick maintains a direct contractual relationship with the merchants for which it serves as acquiring bank.  Merrick denies the remaining allegations, if any, of paragraph 13 of the Second Amended Complaint.

14.     With respect to the allegations of paragraph 14, Merrick admits that it obtained chargeback insurance for itself and for its sole benefit.  Merrick denies the remaining allegations of paragraph 14 of the Second Amended Complaint.

15.     With respect to the allegations of paragraph 15, Merrick admits to securing chargeback insurance for its exclusive and sole benefit as the named insured through General

4

Fidelity Insurance Company ("GFIC") with the involvement of Mr. Gregory Richmond. Merrick denies the remaining allegations of paragraph 15 of the Second Amended Complaint.

16. Merrick denies the allegations of paragraph 16 of the Second Amended Complaint.

17. Merrick denies the allegations of paragraph 17 of the Second Amended Complaint.

18. The allegations of paragraph 18 of the Second Amended Complaint purport to characterize communications or conduct that involve parties other than Merrick. As such, Merrick denies the allegations of paragraph 18 of the Second Amended Complaint based on the present lack of information or knowledge.

19. Merrick denies the allegations of paragraph 19 of the Second Amended Complaint.

20. With respect to the allegations of paragraph 20 of the Second Amended Complaint, Merrick admits to the existence of a Merchant Agreement involving USN. Merrick avers that the terms of the USN Merchant Agreement are best evidenced by a true and correct copy of the same, and Merrick denies any and all allegations that contradict the written terms of the USN Merchant Agreement. In addition, Merrick admits and avers that it obtained chargeback insurance relative to the USN merchant relationship for its exclusive and sole benefit under the policy obtained by Merrick from GFIC. Merrick denies the remaining allegations of paragraph 20 of the Second Amended Complaint.

21.     With respect to the allegations of paragraph 21 of the Second Amended Complaint, Merrick admits to the USN chargebacks.  Merrick denies the remaining allegations of paragraph 21 of the Second Amended Complaint based on the present lack of information or knowledge.

22.     With respect to the allegations of paragraph 22 of the Second Amended Complaint, Merrick admits that JetPay claimed that USN had filed for bankruptcy.  Merrick denies the remaining allegations of paragraph 22 of the Second Amended Complaint based on the present lack of information or knowledge.

23.     With respect to the allegations of paragraph 23 of the Second Amended Complaint, Merrick admits that JPMS claims to have made an insurance claim to GFIC regarding certain chargeback losses, and that GFIC responded that JetPay was not an insured under the GFIC policy.  Merrick denies the remaining allegations, if any, of paragraph 23 of the Second Amended Complaint.

24.     Merrick denies the allegations of paragraph 24 of the Second Amended Complaint.

25.     Merrick denies the allegations of paragraph 25 of the Second Amended Complaint.

26.     Merrick denies the allegations of paragraph 26 of the Second Amended Complaint.

27.     With respect to the allegations of paragraph 27 of the Second Amended Complaint, Merrick admits to the existence of the USN chargebacks.  The exact amount of the

USN chargeback liability owed to Merrick by JetPay, and JPMS, plus all other related damages suffered by Merrick, must be ultimately determined in accordance with applicable law.  Merrick denies the remaining allegations of paragraph 27 of the Second Amended Complaint.

28.     With respect to the allegations of paragraph 28 of the Second Amended Complaint, Merrick admits to the existence of the Direct Air Merchant Agreement.  Merrick avers that the terms of the Direct Air Merchant Agreement are best evidenced by a true and correct copy of the same.  Merrick denies all allegations that contradict the written terms of the Direct Air Merchant Agreement.  Merrick denies the remaining allegations, if any, of paragraph 28 of the Second Amended Complaint.

29.     With respect to the allegations of paragraph 29 of the Second Amended Complaint, Merrick admits that Direct Air ceased operations, and that a substantial chargeback liability is now owed to Merrick by JetPay, and JPMS, and others.  Merrick denies the remaining allegations, if any, of paragraph 29 of the Second Amended Complaint.

30.     Merrick denies the allegations of paragraph 30 of the Second Amended Complaint.

31.     With respect to the allegations of paragraph 31 of the Second Amended Complaint, Merrick admits that the identified entity purports to act as a TPP, and in connection with that role, it further purports to provide certain services with regard to the processing and settlement of credit card transactions.  Merrick denies the remaining allegations, if any, of paragraph 31 of the Second Amended Complaint.

32.     With respect to the allegations of paragraph 32 of the Second Amended Complaint, Merrick admits that such TPP entities purport to provide certain services with regard to the processing and settlement of credit card transactions.   Merrick Bank denies the remaining allegations, if any, of paragraph 32 of the Second Amended Complaint.

33.     With respect to the allegations of paragraph 33 of the Second Amended Complaint, Merrick admits to the existence of the Clearing Bank Agreement.   Merrick avers that the terms of the Clearing Bank Agreement are best evidenced by a true and correct copy of the same.   Merrick denies all allegations that contradict the written terms of the Clearing Bank Agreement.

34.     With respect to the allegations of paragraph 34 of the Second Amended Complaint, Merrick admits to the existence of the Clearing Bank Agreement.   Merrick avers that the terms of the Clearing Bank Agreement are best evidenced by a true and correct copy of the same.   Merrick denies all allegations that contradict the written terms of the Clearing Bank Agreement.

35.     With respect to the allegations of paragraph 35 of the Second Amended Complaint, Merrick admits that credit card transactions were processed and settled pursuant to applicable agreements and legal obligations between the parties involved in such transactions. Merrick, however, denies the allegations of paragraph 35 of the Second Amended Complaint to the extent and insofar as the same vary, or contradict the written and legal obligations of the parties involved in the processing and settlement of credit card transactions.

36.     With respect to the allegations of paragraph 36 of the Second Amended Complaint, Merrick admits that a TPP entity is obligated pursuant to contract to provide certain information and to perform certain duties in its role as a TPP.   Merrick denies the allegations of paragraph 36 of the Second Amended Complaint to the extent and insofar as the same contradict the legal obligations owed by a TPP.

37.     With respect to the allegations of paragraph 37 of the Second Amended Complaint, Merrick admits that the identified TPP was obligated by contract to provide certain information and to perform certain duties in its role as a TPP.  Merrick denies the allegations of paragraph 37 of the Second Amended Complaint to the extent and insofar as the same contradict the legal obligations owed by the identified entity in its role as a TPP.

38.     With respect to the allegations of paragraph 38 of the Second Amended Complaint, Merrick and the other parties involved in the processing and settlement of credit card transactions each had certain duties and obligations established by contract and applicable law. Merrick denies the allegations of paragraph 38 of the Second Amended Complaint to the extent and insofar as the same contradict or vary the legal obligations owed by the parties involved in the processing and settlement of credit card transactions.

39.     With respect to the allegations of paragraph 39 of the Second Amended Complaint, Merrick denies that JetPay has accurately described in all respects the practices and procedures that were in place regarding the processing and settlement of credit card transactions. Merrick denies the remaining allegations, if any, of paragraph 39 of the Second Amended Complaint.

40.     With respect to the allegations of paragraph 40 of the Second Amended Complaint, Merrick admits that in or about October of 2012, Merrick provided notice to JetPay that it would not renew or continue to serve as an acquiring bank.   Merrick denies the remaining allegations, if any, of paragraph 40 of the Second Amended Complaint.

41.     With respect to the allegations of paragraph 41 of the Second Amended Complaint, Merrick admits that in or about March of 2013, JetPay indicated that it was engaged in discussions relative to Wells Fargo serving as an acquiring bank.     Merrick denies the remaining allegations, if any, of paragraph 41 of the Second Amended Complaint.

42.     With respect to the allegations of paragraph 42 of the Second Amended Complaint, Merrick admits that in or about April of 2013, discussions occurred relative to the topic of Wells Fargo serving as an acquiring bank, and the conversion process of Merrick no longer doing so.   The content and nature of those discussions is best evidenced by email discussions between the parties, and other documents exchanged between the various individuals involved in the acquiring bank conversion efforts.   Merrick denies any and all allegations that contradict the content of such documents and communications, and Merrick denies the remaining allegations of paragraph 42 of the Second Amended Complaint.

43.     Merrick denies the allegations of paragraph 43 of the Second Amended Complaint.  Merrick, in addition, avers that with respect to the acquiring bank conversion efforts, JetPay breached the obligations incumbent upon it, and, among other damaging actions, JetPay failed to deliver the final ACH discount file to Merrick in the proper form and manner.

44.     With respect to the allegations of paragraph 44 of the Second Amended Complaint, Merrick admits that the final ACH file was not processed in the form and with the content, or lack thereof, provided by JetPay.  Merrick denies the remaining allegations of the paragraph 44 of the Second Amended Complaint.

45.     With respect to the allegations of paragraph 45 of the Second Amended Complaint, Merrick admits that it informed JetPay that it would not process the final ACH file, and that Merrick informed JetPay that JetPay had breached the obligations owed to Merrick. Merrick, in addition, admits that it informed JetPay that the final ACH file failed to permit Merrick to collect the monies due and owed to Merrick in relationship to the merchant transactions that Merrick had previously settled.   Merrick denies the remaining allegations of paragraph 45 of the Second Amended Complaint.

46.     With respect to the allegations of paragraph 46 of the Second Amended Complaint, Merrick admits that certain correspondence was exchanged between the parties relative to the final, and deficient, ACH file provided by JetPay.   Merrick avers that the content of those communications is best evidenced by the documents that reflect the same.   Merrick denies all allegations that contradict the written content of the documents reflecting the various communications between the parties concerning the final ACH file, and the acquiring bank conversion process.   Merrick denies the remaining allegations of paragraph 46 of the Second Amended Complaint.

47.     With respect to the allegations of paragraph 47 of the Second Amended Complaint, Merrick admits that an ACH file was provided by JetPay; however, Merrick denies

that such file was provided in the normal course of business. Merrick avers that the final ACH file provided by JetPay breached the obligations incumbent upon JetPay. Merrick denies the remaining allegations of paragraph 47 of the Second Amended Complaint.

48.     With respect to the allegations of paragraph 48 of the Second Amended Complaint, Merrick admits that it implemented such efforts as necessary to settle and collect monies for the credit card transactions that it had previously funded. Merrick further avers that Merrick's actions were specifically authorized by the applicable contracts, and that such efforts were further necessitated by JetPay's breach of the obligations JetPay owed to Merrick. Merrick denies the remaining allegations of paragraph 48 of the Second Amended Complaint.

49.     With respect to the allegations of paragraph 49 of the Second Amended Complaint, Merrick admits that due to JetPay's illegal conduct and breaches, Merrick was forced to estimate and collect merchant payments pursuant to its right to do so. Merrick denies the allegation of "hundreds of angry inquiries" based on the present lack of information and knowledge.   Merrick denies the remaining allegations of paragraph 49 of the Second Amended Complaint.

50.     With respect to the allegations of paragraph 50 of the Second Amended Complaint, Merrick admits that various written communications and demands for information were exchanged between the parties. Merrick denies all allegations that contradict the content of the documents reflecting such conversations.  Merrick denies the remaining allegations of paragraph 50 of the Second Amended Complaint.

51.     Merrick denies the allegations of paragraph 51 of the Second Amended Complaint based on the present lack of information or knowledge.

52.     With respect to the allegations of paragraph 52 of the Second Amended Complaint, Merrick avers that JetPay found itself in a situation of its own making.   Merrick further avers that JetPay breached the obligations and agreements it owed to Merrick.   Merrick therefore denies the allegations of paragraph 52 of the Second Amended Complaint based on the present lack of information or knowledge.

53.     With respect to the allegations of paragraph 53 of the Second Amended Complaint, Merrick avers that JetPay found itself in a situation of its own making.   Merrick further avers that JetPay breached the obligations and agreements it owed to Merrick.   Merrick therefore denies the allegations of paragraph 53 of the Second Amended Complaint based on the present lack of information or knowledge.

54.     Merrick denies the allegations of paragraph 54 of the Second Amended Complaint based on the present lack of information or knowledge.

55.     Merrick denies the allegations of paragraph 55 of the Second Amended Complaint.

56.     With respect the allegations of paragraph 56 of the Second Amended Complaint, Merrick admits to the existence of the Escrow Agreement.   Merrick denies any and all allegations that contradict, or attempt to vary the written terms of the Escrow Agreement. Merrick denies the remaining allegations, if any, of paragraph 56 of the Second Amended Complaint.

1779714_1

## FIRST CAUSE OF ACTION - MONIES HAD AND RECEIVED

57.     With respect to the allegations of paragraph 57 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

58.     Merrick denies the allegations of paragraph 58 of the Second Amended Complaint.

59.     Merrick denies the allegations of paragraph 59 of the Second Amended Complaint.

60.     Merrick denies the allegations of paragraph 60 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION - ACCOUNTING

61.     With respect to the allegations of paragraph 61 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

62.     Merrick denies the allegations of paragraph 62 of the Second Amended Complaint.

63.     With respect to the allegations of paragraph 63 of the Second Amended Complaint, Merrick denies that JetPay is entitled to any remedy whatsoever, in either law or equity.   As such, Merrick denies the allegations of paragraph 63 of the Second Amended Complaint.

1779714_1

64.     Merrick denies the allegations of paragraph 64 of the Second Amended Complaint.

## THIRD CAUSE OF ACTION - BREACH OF CONTRACT
## RE JETPAY GFIC POLICY

65.     With respect to the allegations of paragraph 65 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

66.     Merrick denies the allegations of paragraph 66 of the Second Amended Complaint.

67.     Merrick denies the allegations of paragraph 67 of the Second Amended Complaint.

68.     Merrick denies the allegations of paragraph 68 of the Second Amended Complaint.

69.     With respect to the allegations of paragraph 69 of the Second Amended Complaint, Merrick denies that any such demands have been made, and further denies that any legal support would exist to support such demands by JetPay had they been made.     Merrick therefore denies the allegations of paragraph 69 of the Second Amended Complaint.

## FOURTH CAUSE OF ACTION - BREACH OF IMPLIED CONTRACT IMPLIED
## IN FACT, JETPAY GFIC POLICY

70.     With respect to the allegations of paragraph 70 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

1779714_1

71.     With respect to the allegations of paragraph 71 of the Second Amended Complaint, Merrick denies that JetPay is entitled to any relief whatsoever under any theory alleged in the Second Amended Complaint, whether pleaded in the alternative or otherwise.   As such, Merrick denies the allegations of paragraph 71 of the Second Amended Complaint.

72.     Merrick denies the allegations of paragraph 72 of the Second Amended Complaint.

73.     With respect to the allegations of paragraph 73 of the Second Amended Complaint, Merrick denies that it was ever required "to take all steps necessary to ensure JPMS would be paid by GFIC," including with respect to the USN chargebacks, or otherwise.   Merrick avers that JetPay is liable for the USN chargebacks, and as such, Merrick denies the allegations of paragraph 73 of the Second Amended Complaint.

74.     Merrick denies the allegations of paragraph 74 of the Second Amended Complaint.

## FIFTH CAUSE OF ACTION - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, JETPAY GFIC POLICY

75.     With respect to the allegations of paragraph 75 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

76.     With respect to the allegations of paragraph 76 of the Second Amended Complaint, Merrick admits that applicable law implies a duty of good faith and fair dealing; however, Merrick denies that it beached that duty, or any other duty whatsoever.   Moreover,

Merrick denies that the duty of good faith and fair dealing implicates the conduct described by JetPay in paragraph 76 of the Second Amended Complaint.   As such, Merrick denies the allegations of paragraph 76 of the Second Amended Complaint.

77.    Merrick denies the allegations of paragraph 77 of the Second Amended Complaint.

78.    Merrick denies the allegations of paragraph 78 of the Second Amended Complaint.

## SIXTH CAUSE OF ACTION - NEGLIGENCE

79.    With respect to the allegations of paragraph 79 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

80.    Merrick denies the allegations of paragraph 80 of the Second Amended Complaint.

81.    Merrick denies the allegations of paragraph 81 of the Second Amended Complaint.

82.    Merrick denies the allegations of paragraph 82 of the Second Amended Complaint.

## SEVENTH CAUSE OF ACTION - NEGLIGENT MISREPRESENTATION

83.    With respect to the allegations of paragraph 83 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

1779714_1

84. Merrick denies the allegations of paragraph 84 of the Second Amended Complaint.

85. Merrick denies the allegations of paragraph 85 of the Second Amended Complaint.

86. Merrick denies the allegations of paragraph 86 of the Second Amended Complaint.

## **EIGHTH CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY**

87. With respect to the allegations of paragraph 87 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

88. Merrick denies the allegations of paragraph 88 of the Second Amended Complaint.

89. Merrick denies the allegations of paragraph 89 of the Second Amended Complaint.

90. Merrick denies the allegations of paragraph 90 of the Second Amended Complaint.

91. Merrick denies the allegations of paragraph 91 of the Second Amended Complaint.

## NINTH CAUSE OF ACTION - BREACH OF CLEARING AGREEMENT
## AND SERVICE AGREEMENTS

92.    With respect to the allegations of paragraph 92 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

93.    With respect to the allegations of paragraph 93 of the Second Amended Complaint, Merrick admits to the existence and enforceability of the Clearing Bank Agreement. Merrick denies any and all allegations that contradict, or attempt to vary the written terms of the same.   Merrick denies the remaining allegations, if any, of paragraph 93 of the Second Amended Complaint.

94.    With respect to the allegations of paragraph 94 of the Second Amended Complaint, Merrick admits to the existence of the three-party agreements regarding the processing and settlement of credit card transactions.  Merrick denies any and all allegations that contradict, or attempt to vary the written terms of such agreements.   Merrick denies the remaining allegations, if any, of paragraph 94 of the Second Amended Complaint.

95.    Merrick denies the allegations of paragraph 95 of the Second Amended Complaint.

96.    Merrick denies the allegations of paragraph 96 of the Second Amended Complaint.

97.    Merrick denies the allegations of paragraph 97 of the Second Amended Complaint.

1779714_1

## TENTH CAUSE OF ACTION - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, CLEARING BANK AGREEMENT, MERCHANT ISO AGREEMENTS, AND SERVICE AGREEMENTS

98.    With respect to the allegations of paragraph 98 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

99.    With respect the allegations of paragraph 99 of the Second Amended Complaint, Merrick admits that applicable law implies a duty of good faith and fair dealing; however, Merrick denies that it breached that duty, or any other duty whatsoever.   Merrick denies the remaining allegations, if any, of paragraph 99 of the Second Amended Complaint.

100.    With respect to the allegations of paragraph 100 of the Second Amended Complaint, Merrick admits to the existence of three-party agreements regarding the processing and settlement of credit card transactions.  Merrick denies any and all allegations that contradict, or attempt to vary the written terms of such agreements.

101.    Merrick admits to the existence of the identified agreements.   Merrick Bank denies any and all allegations that contradict the precise written terms of the applicable agreements between the various parties.  Merrick denies that it breached any contractual or other obligation incumbent upon Merrick.  As such, Merrick denies the allegations of paragraph 101 of the Second Amended Complaint.

102.    Merrick denies the allegations of paragraph 102 of the Second Amended Complaint.

1779714_1

103.    Merrick denies the allegations of paragraph 103 of the Second Amended Complaint.

## ELEVENTH CAUSE OF ACTION - TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS

104.    With respect to the allegations of paragraph 104 of the Second Amended Complaint, Merrick here repeats and realleges the responses provided to the foregoing paragraphs as if the same were fully set forth.

105.    Merrick denies the allegations of paragraph 105 of the Second Amended Complaint.

106.    Merrick denies the allegations of paragraph 106 of the Second Amended Complaint.

107.    Merrick denies the allegations of paragraph 107 of the Second Amended Complaint.

108.    Merrick denies the allegations of paragraph 108 of the Second Amended Complaint.

109.    Merrick denies the allegations of paragraph 109 of the Second Amended Complaint.

110.    With respect to the allegations of paragraph 110 of the Second Amended Complaint, Merrick admits to discussions to terminate the First Data communication circuit. Merrick denies any and all allegations that contradict the content of the documents evidencing or

reflecting the same.  Merrick denies the remaining allegations of paragraph 110 of the Second Amended Complaint.

111.    With respect to the allegations of paragraph 111 of the Second Amended Complaint, Merrick avers that all of its actions in relationship to the First Data communication circuit were legal and proper.  As such, Merrick denies the allegations of paragraph 111 of the Second Amended Complaint.

112.    Merrick denies the allegations of paragraph 112 of the Second Amended Complaint based on the present lack of information or knowledge.

113.    With respect to the allegations of paragraph 113 of the Second Amended Complaint, Merrick denies that it interfered as alleged by JetPay.   Merrick therefore denies the allegations of paragraph 113 of the Second Amended Complaint.

114.    With respect to the allegations of paragraph 114 of the Second Amended Complaint, Merrick denies that it interfered as alleged by JetPay.  Merrick therefore denies the allegations of paragraph 114 of the Second Amended Complaint.

115.    To the extent not specifically admitted herein, Merrick denies each and every allegation, prayer, or legal characterization set forth in the Second Amended Complaint.

## **PRAYER FOR RELIEF**

Merrick denies all of JetPay's requests for relief, as set forth in paragraphs 1 through 5 of the Prayer for Relief section of the Second Amended Complaint, and Merrick prays that JetPay receive no relief or recovery whatsoever in its favor, and that the Second Amended Complaint be dismissed in its entirety with prejudice.

## AFFIRMATIVE DEFENSES

1.      The Second Amended Complaint fails to set forth a claim against Merrick upon which relief can be granted in favor of any Plaintiff.

2.      The claims of the Second Amended Complaint are barred by the economic loss rule.

3.      Plaintiffs have failed to name necessary and/or indispensable parties, and thus the claims of the Second Amended Complaint are barred.

4.      Merrick cannot interfere with its own contracts, and thus Plaintiffs' claims are barred.

5.      Plaintiffs first breached the obligations owed to Merrick, and thus Merrick was excused from any further performance under the applicable contracts, or agreements.

6.      Plaintiffs' claims are precluded and barred by the terms of the applicable contracts, and governing law concerning the applicable industry.

7.      Plaintiffs' claims are precluded and barred by the statute of frauds, and the provisions of Utah Code Ann. § 25-5-4, and related subparts.

8.      The claims of the Second Amended Complaint are barred by the doctrines of waiver, acquiescence, and/or estoppel.

9.      The equitable claims of the Second Amended Complaint are precluded or barred by the doctrine of *in pari delicto*, or because the Plaintiffs have failed to do equity, and thus are not entitled to equitable relief under the principle of unclean hands.

10.     The claims of the Second Amended Complaint are barred by the applicable statutes of limitation.

11.     Plaintiffs' purported damage claims are barred due to lack of causation, or loss causation.

12.     The claims of the Second Amended Complaint are precluded and barred the lack of reliance, or the lack of reasonable reliance.

13.     The claims of the Second Amended Complaint are precluded and barred because Merrick did not owe a fiduciary or other non-contractual duty to any Plaintiff.

14.     Plaintiffs have failed to mitigate their alleged damages, and as such, the claims of the Second Amended Complaint are precluded and barred.

15.     The claims of the Second Amended Complaint are precluded and barred by the doctrines of judicial estoppel, and the law of the case.

16.     The claims of the Second Amended Complaint are precluded and barred by the doctrines of claim preclusion, issue preclusion, collateral estoppel, and/or *res judicata.*

17.     The claims of the Second Amended Complaint are barred by contractual acknowledgment and affirmation of JetPay's liability to Merrick, and/or the doctrines of accord and satisfaction and contractual discharge and release.

18.     The claims of the Second Amended Complaint are precluded and barred by the National Automated Clearinghouse Association Operating Rules.

19.     The claims of the Second Amended Complaint are precluded and barred by Merrick's Code of Ethics and/or Merrick's Rules for Independent Sales Organizations.

20.     The claims of the Second Amended Complaint are precluded and barred by the terms of the Merrick Merchant Policy.

21.     The Plaintiffs' claim for exemplary damages violates applicable law, and this claim is not available under the facts, claims and circumstances alleged in the Second Amended Complaint.

22.     The referenced contracts are fully integrated agreements, and thus the claims of the Second Amended Complaint are precluded and barred.

## COUNTERCLAIM

Merrick, by and through its counsel of record and pursuant to Rule 13 of the Federal Rules of Civil Procedure, hereby counterclaims against JetPay, and for its counterclaim, alleges and prays as follows:

## JURISDICTION AND VENUE

1.     This Court is vested with subject matter jurisdiction over Merrick's counterclaims pursuant to 28 U.S.C. § 1332, and applicable subparts.  Diversity of citizenship exists between all plaintiffs and Merrick.  Merrick's damages exceed the jurisdictional threshold.

2.     This Court is a court of proper venue pursuant 28 U.S.C. § 1391, and applicable subparts, in that Merrick is headquartered in the State of Utah, and the parties contractually agreed to resolve their disputes before this Court in this venue.

3.     Venue and jurisdiction are proper before this Court in relationship to Merrick's counterclaims based on, and in response to JetPay's claims set forth in the Second Amended Complaint.

## **ALLEGATIONS**

4.     JetPay and Merrick maintain certain contractual agreements between them related generally to the establishment of merchant accounts whereby merchants can accept from their customers debit and credit cards as a means of payment for goods and services.

5.     Upon establishment of a merchant account, JetPay, Merrick and the particular merchant execute a three-party Merchant Agreement.  The Merchant Agreements require the merchant to reimburse Merrick and JetPay for all chargeback or any other losses generated from the Merchant's transactions.

6.     A Merchant Agreement existed by and among Merrick, JPMS, and the merchant referred to as Direct Air.

7.     JetPay references the Merchant Agreement for Direct Air in paragraph 28 of the Second Amended Complaint, and elsewhere amongst the allegations set forth in the Second Amended Complaint.

8.     A Merchant Agreement existed by and among Merrick, JPMS, and the merchant referred to as USN.

9.     JetPay references the Merchant Agreement for USN in paragraph 20 of the Second Amended Complaint, and elsewhere amongst the allegations set forth in the Second Amended Complaint.

10.     JetPay claims that certain chargeback losses were suffered and incurred regarding the USN and Direct Air merchant relationships.

1779714_1

11.     JetPay established the Merchant Agreements for Direct Air and USN pursuant and subject to two ISO Agreements between JetPay and Merrick.

12.     Pursuant to the ISO Agreements, JetPay broadly agreed to indemnify Merrick for any losses incurred by Merrick in connection with any merchant, expressly including chargeback losses suffered with respect to Direct Air and USN.

13.     JetPay has breached its indemnification obligation by failing to reimburse Merrick for covered losses.

14.     A 2003 ISO Agreement was executed by and between JPMS and Merrick in or about October of 2003.

15.     JetPay references the 2003 ISO Agreement in paragraph 12 of the Second Amended Complaint.

16.      A 2007 ISO Agreement, substantively identical in relevant part to the 2003 ISO Agreement, was executed by and between JetPay ISO and Merrick in or about January of 2007.

17.     Pursuant the ISO Agreements, JetPay, including JPMS and JetPay ISO, expressly accepted liability for all merchant chargebacks.  Specifically, JetPay agreed and covenanted that "if Merrick, after having taken commercially reasonable steps to collect the amount of [any] chargebacks from the Merchant, is unable to collect such amounts from the Merchant, [JetPay] will pay such amounts to Merrick, immediately upon receipt of a demand therefor from Merrick. [JetPay] is responsible for losses of Merchants or amounts owing to Merrick or any Association for any reason including merchant fraud, chargebacks, bankruptcy, information security practices or otherwise."  2007 ISO Agreement §4.11; *see also* 2003 ISO Agreement § 5.13.

1779714_1

18.     Further, JetPay agreed to broadly indemnify Merrick for any chargebacks and other costs associated with any merchant.  Specifically, JetPay agreed to "indemnify and hold Merrick harmless from and against any and all claims, damages or losses suffered or incurred by Merrick (including attorneys fees and costs) in connection with any (i) Merchant, including, without limitation, losses associated with purchases that are charged back to, and not paid by, a Merchant, fines, fees, assessments, penalties, expenses or any other charge assessed by any Association relating to any Merchant, and losses arising out of any breach of a Merchant Agreement by a Merchant . . .."  2007 ISO Agreement §7.1; *see also* 2003 ISO Agreement § 8.1.

19.     The ISO Agreements also require JetPay to indemnify Merrick for any breach of the ISO Agreement by JetPay.  Specifically, JetPay agreed to indemnify Merrick "from and against any and all claims, demands or judgments arising out of or relating to any breach by [JetPay] of its representations, warranties or agreements under this AGREEMENT . . .." 2007 ISO Agreement § 7.2; *see also* 2003 ISO Agreement § 8.2.

20.     In November of 2011, JPMS, JetPay and JetPay ISO, signed a Guarantee in favor of Merrick.

21.     Pursuant to the terms of the Guarantee, JPMS, JetPay and JetPay ISO cross guaranteed the obligations owed to Merrick.

22.     In this regard, the Guarantee provides that JPMS, JetPay, and JetPay ISO each agreed to "irrevocably and unconditionally guarantee to Merrick . . .  the timely and complete payment and performance of all of the present and future obligations of each [other] under or in connection with [each party's] transaction card business; including, without limitation, the

prompt payment as and when due of all amounts required to be paid by any [party] to Merrick, whether in the nature of fees, indemnification payments or otherwise[.]"

## COUNT ONE

### BREACH OF ISO AGREEMENTS AND GUARANTEE AGAINST JPMS, JETPAY ISO AND JETPAY

23.     Merrick here repeats, incorporates, and realleges all of the allegations of the foregoing paragraphs of its counterclaim.

24.     By virtue of the Guarantee, JetPay, JetPay ISO, and JPMS ("JetPay Entities") are jointly and severally liable under the terms of the 2003 and 2007 ISO Agreements.

25.     The JetPay Entities have breached the ISO Agreements by failing to immediately pay the full amount of chargeback losses and related losses (including but not limited to attorneys' fees) incurred by Merrick with respect to the USN and Direct Air Merchant Agreements.

26.     The ISO Agreements require the JetPay Entities to reimburse Merrick all legal fees, expenses and other related damages incurred in this action, and all other actions involving the JetPay Entities, or losses related to JetPay Entity merchants, including without limitation USN and Direct Air.

27.     The JetPay Entities are not entitled to assign or remove themselves from any obligation or duty imposed by the ISO Agreements without the express written consent of Merrick.

28.     Merrick has never agreed in writing or otherwise to remove or diminish the obligations incumbent upon the JetPay Entities under the ISO Agreements.

29.      With respect to USN uncollectable chargebacks, while Merrick did recoup from JetPay in 2007 the actual USN uncollectable chargeback amounts, Merrick has not recovered the costs incurred in pursuing a claim for those chargeback losses under the GFIC Policy, nor has Merrick recovered its costs in defending against the JetPay claims asserted against Merrick in Michigan state court, and now in this action, relating to USN.

30.     With respect to Direct Air uncollectible chargebacks, Merrick has reimbursed cardholders for Direct Air related chargebacks in excess of $25 million.  Merrick has demanded that JetPay indemnify Merrick for the Direct Air chargeback losses.

31.     Despite JetPay's express covenant and indemnification obligation to immediately reimburse Merrick for any losses incurred by Merrick in connection with merchant chargebacks, JetPay has failed to do so despite demand therefor.

32.     The existence of chargeback insurance for Merrick's exclusive and sole benefit did not relieve the JetPay Entities from their indemnity and hold harmless obligations.

33.     Thus, while Merrick, in its sole discretion, made a claim under the GFIC Policy for USN uncollectable chargebacks and under the Chartis policy for Direct Air uncollectable chargebacks (which claims were urged and supported by the JetPay Entities), as between Merrick and JetPay, JetPay remains fully liable to Merrick for any merchant chargeback losses and related merchant losses Merrick has incurred.

34.     Merrick did not recover any uncollectable chargebacks under the GFIC Policy for USN, and has not presently recovered any uncollectable chargebacks losses under the Chartis Policy for Direct Air.

35.     The JetPay Entities have breached the ISO Agreements, and hence the Guarantee, by filing, asserting and continuing to purse unfounded allegations and claims that are inconsistent with their express and unconditional obligation to pay and indemnify Merrick for the Direct Air and USN chargeback and other losses.

36.     Merrick's damages regarding the Direct Air chargebacks, to be determined at trial, presently exceed $25,000,000.00, plus related costs and attorneys' fees.

37.     Merrick's damages regarding the USN chargebacks, to be determined at trial, include all costs and attorneys' fees incurred in connection with attempting to obtain recovery from GFIC, defending USN related claims asserted by the JetPay Entities in an action commenced in Michigan, defending the current action and any other USN chargeback related costs and attorneys' fees.

38.     The JetPay Entities are liable, jointly and severally, for the Direct Air and USN chargeback related losses set forth above.

39.     Merrick prays that it be awarded the full measure of its damages, plus fees and costs for the breaches and committed by the JetPay Entities.

## PRAYER FOR RELIEF

Merrick requests that all claims of the Second Amended Complaint be dismissed with prejudice, and that Merrick be awarded the full measure of its damages as available under applicable law, plus costs, attorneys' fees, and such other and additional relief that the Court deems just and proper.

DATED this __7th__ day of October, 2013.

NELSON CHRISTENSEN
HOLLINGWORTH & WILLIAMS

_____/s/ Jeffery S. Williams_____
JEFFERY S. WILLIAMS
Attorneys for Defendant Merrick Bank
Corporation

1779714_1