IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JETPAY MERCHANT SERVICES, LLC, a Texas limited liability company, JETPAY, LLC, a Texas limited liability company, JETPAY ISO SERVICE, LLC, a Texas limited liability company, and WLES, L.P., a Texas limited partnership,,<br><br>Plaintiffs,<br>v.<br><br>MERRICK BANK CORPORATION, a Utah corporation,<br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT<br><br>Case No. 2:12-cv-197-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

District Judge Robert J. Shelby has referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. §636(b)(1)(A).[1] Before the Court is Plaintiffs Jetpay Merchant Services, LLC, JetPay, LLC, JetPay ISO Services, LLC, and WLES, L.P.'s (hereinafter collectively referred to as "Plaintiffs") Motion for Leave to File their Third Amended Complaint ("Motion to Amend").[2]

The Court has reviewed this Motion, the proposed Amended Complaint and the Opposition and Reply Memoranda submitted. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of written memoranda and finds that oral argument would not be helpful or necessary.[3] For the reasons set forth below, the Court GRANTS the Motion to Amend.

---

[1] Docket no. 102.
[2] Docket no. 101.
[3] See DUCivR 7-1(f).

## BACKGROUND

Plaintiffs seek to amend the Complaint in order to add additional allegations for an additional claim of promissory estoppel. Plaintiffs filed the Original Complaint in this case on February 12, 2012.[4] Plaintiffs then amended their Complaint in June, 2013.[5] Later, the parties stipulated to amendment to the Complaint and the Court granted leave to do so.[6]

On August 28, 2014, upon stipulation of the parties, the undersigned granted a Joint Motion to Amend the Scheduling Order.[7] Under this Order, the deadline for Plaintiffs to file a motion to amend pleadings was reset to September 13, 2014 and fact discovery was set to close on December 15, 2014.[8] No trial date has been set in this case.

## DISCUSSION

Under Rule 15 of the Federal Rules of Civil Procedure, when a party seeks to amend a pleading other than as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[9] "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court"[10] and "…district courts may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allocations of the amendment, [or] futility of [the] amendment.'"[11]

---

[4] Docket no. 2.
[5] Docket no. 24.
[6] Docket no. 51.
[7] Docket no. 103.
[8] Id.
[9] F.R.C.P. 15(a)(2).
[10] Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).
[11] U.S. ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

In opposing Plaintiffs' Motion to Amend, Defendant Merrick Bank Corporation ("Merrick") focuses its opposition on undue delay and futility of Plaintiffs' proposed amendment.

**1) Undue Delay**

Merrick argues that Plaintiff has provided no explanation for the undue delay in seeking to again amend its pleading. Specifically, according to Merrick, in adding the claim for promissory estoppel, "plaintiffs have failed to provide, as they must, any explanation for why they did not include this cause of action in any of their three prior complaint."[12] On the other hand, Plaintiffs argue "Plaintiffs' proposed amendment does not constitute undue delay because Plaintiffs are not seeking to amend facts and allegations, but are merely clarifying claims which were already referred to in Plaintiff's Second Amended Complaint."[13] Further, "Plaintiffs allege facts which demonstrate that Defendant procured and promised to purchase Plaintiffs insurance—thus, the claim for promissory estoppel. Plaintiffs merely seek to clarify the claim for promissory estoppel."[14] In addition, according to Plaintiffs "the length of delay in amending directly corresponds to facts discovered subsequent to Plaintiffs' Second Amended Complaint."[15]

Rule 15(a) does not restrict a party's ability to amend its pleadings at a particular stage in the litigation.[16] Also, the 10th Circuit has stated "[l]ateness does not itself justify the denial of the amendment."[17] But, an "unexplained delay"[18] may justify the court's discretionary decision

---

[12] Docket no. 104 at p. 3.
[13] Docket no. 107 at p. 2.
[14] Id.
[15] Docket no. 107 at p. 3.
[16] Minter, at 1205.
[17] R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir. 1975)(internal citations omitted); see also Minter at 1205 ("The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'")(internal citations omitted).

to deny leave to amend. Thus, when determining whether delay is "undue" the focus is on the "…reasons for the delay."[19] "For example, the Tenth Circuit has upheld denials of motions to amend where discovery has closed, the parties are ready for trial, and the amendment would require additional discovery and preclude the entry of final judgment.[20]

Here, although arguably Plaintiffs' proposed amendment to the Complaint comes late in this litigation, Plaintiffs have not missed the deadline to amend their pleadings. The Scheduling Order governing this case provided Plaintiffs until September 13, 2014 to amend their pleadings.[21] Plaintiffs filed their Motion to amend on August 14, 2014—a little less than one month before this deadline. In addition, discovery is not set to close until January 31, 2015, leaving ample time for any additional discovery. Further, in their Reply Memorandum, Plaintiffs assert "the length of delay in amending directly corresponds to facts discovered subsequent to Plaintiffs' Second Amended Complaint."[22] Merrick has not put forth any evidence that directly refutes this assertion. Therefore, the Court agrees with Plaintiffs' arguments and does not find any undue delay by Plaintiffs in seeking to amend their Complaint.

**2) Futility**

According to Merrick, "even if the proposed amendment were deemed timely, leave to amend should be denied because the proposed new cause of action fails as a matter of law, thus amendment would be futile."[23] Merrick argues that the existence of a written contract in this case precludes any claim for promissory estoppel. Specifically, "the Merchant ISO Agreement plainly covers the subject matter at issue in Plaintiffs' proposed promissory estoppel claim,

---

[18] Durham v. Xerox Corp, 18 F.3d 836, 840 (10th Cir. 1994)
[19] Minter at 1206.
[20] See Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001).
[21] Docket no. 103.
[22] Docket no. 107 at p. 3.
[23] Docket no. 104 at p. 3.

4

namely the parties' obligations with respect to merchant chargebacks."[24] However, Plaintiff argues "promises made were both inside and outside the scope of the written contract and after the contract was signed."[25]

The Court agrees with Plaintiffs that this amendment is not futile at this point. As Plaintiffs' point out "if Defendant did *not* promise Plaintiffs insurance under the contract, then the promises which Plaintiffs relied upon were clearly outside the scope of the written agreement."[26] Therefore, to the extent that Plaintiff's new claim for promissory estoppel is based on claims outside the scope of its contract claims, the amendment is not futile.

## **CONCLUSION & ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend Complaint[27] is GRANTED.  Accordingly, pursuant to DUCivR 15-1 of the United State District Court for the District of Utah Rules of Practice, Plaintiff must file the same complaint proffered to the Court through the Motion to Amend.

**IT IS SO ORDERED.**

DATED this 10 October 2014.

Brooke C. Wells
United States Magistrate Judge

---

[24] Docket no. 104 at p. 5.
[25] Docket no. 107 at p. 4.
[26] Id.
[27] Docket no. 101.